**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KENNETH GALE LEBERTA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:06-CV-353-Y** |
| **NATHANIEL QUARTERMAN, Director,**[1] | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

**I.  FINDINGS AND CONCLUSIONS**

A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B.  PARTIES

Petitioner Kenneth Gale Leberta, TDCJ-ID #478865, is in custody of the Texas Department

of Criminal Justice, Correctional Institutions Division, and is currently incarcerated in Overton,

Texas.

---

[1]Effective June 1, 2006, Douglas Dretke was replaced by Nathaniel Quarterman as Director of the Texas Department of Justice, Correctional Institutions Division.  Accordingly, Nathaniel Quarterman should be automatically substituted as Respondent.  *See* FED. R. CIV. P.  25(d)(1). The clerk of Court is directed to docket and change the designation of the Respondent.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

In 1986, Leberta was charged by indictment with the murder of Rodney Sanders. (Transcript at 3.) On December 16, 1987, a jury found Leberta guilty of the lesser included offense of voluntary manslaughter and assessed his punishment at sixty years' imprisonment and a $10,000 fine. (*Id.* at 131.) The Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Leberta's petition for discretionary review on October 4, 1989. *Leberta v. Texas*, 770 S.W.2d 828 (Tex. App.–Fort Worth 1988, pet. ref'd). Leberta did not seek writ of certiorari. (Petition at 3.) Thus, the judgment became final ninety days later on January 2, 1990. *See* Tex. R. App. P. 68.2(a).

On June 27, 2005, Leberta filed a state application for writ of habeas corpus raising one or more of the issues presented herein, which was denied without written order on the findings of the trial court by the Texas Court of Criminal Appeals on November 9, 2005. *Ex parte Leberta*, Application No. WR-62,704-01. Leberta filed this federal petition for writ of habeas corpus on May 22, 2006.[2] Quarterman has filed an answer with supporting brief and documentary exhibits, to which Leberta has replied.

## D. Issues

Leberta claims (1) his conviction was obtained by violation of the privilege against self-incrimination, (2) his conviction was obtained by use of a coerced confession, (3) the state's

---

[2]A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

attorneys engaged in prosecutorial misconduct, and (4) TDCJ's pretrial time credit calculation violates double jeopardy.  (Petition at 7-7C-1; Pet'r Memorandum in Support at 10-26; Pet'r Motion for Leave to File at 3-4.)

E.  STATUTE OF LIMITATIONS

Quarterman asserts that Leberta's petition should be dismissed with prejudice because his petition is time-barred.  (Resp't Answer 3-9.)  The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

3

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act, or until April 24, 1997, to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[3]  The state court's judgment became final on January 2, 1990, prior to the effective date of the AEDPA.  Thus, Leberta's petition was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202.

Leberta's state habeas application filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Nor has Leberta alleged or demonstrated that he is entitled to tolling as a matter of equity.  Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented

---

[3]Leberta asserts that his first claim is based on the Supreme Court case of *Missouri v. Seibert*, 542 U.S. 600 (2004) (plurality op.), making the two-step interrogation procedure used by law enforcement in his case illegal and unconstitutional.  (Petition at 7; Pet'r Memorandum of Law at 10-18.)  This argument implicates § 2244(d)(1)©, however Leberta fails to cite to authority that *Seibert* was made retroactively applicable to cases on collateral review, and none is found.  Leberta also asserts that he first learned of the alleged time credit error when he obtained the trial transcript on May 10, 2004, and discovered that he was not given credit for his pretrial detention from July 1, 1987 to November 10, 1987.  (Pet'r Motion For Leave to File at 2.)  This argument implicates § 2244(d)(1)(D), however, with due diligence, Leberta could have discovered this fact at the conclusion of his trial or shortly thereafter.

4

in some extraordinary way from asserting his rights.  *See Coleman*, 184 F.3d at 402.  In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief.  *Id.*  The petitioner bears the burden of establishing entitlement to equitable tolling.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).  Leberta does not raise the issue of equitable tolling or assert a valid reason for his failure to file his petition in a timely manner, and the record reveals none.[4]  Thus, this is not a case where the petitioner should benefit from equitable tolling.

Leberta's federal petition filed on May 22, 2006, was filed beyond the limitations period and is, therefore, untimely.

## II.  RECOMMENDATION

Leberta's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 20, 2006.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

---

[4]Leberta does assert that his delay was, in part, due to transfers between prisons.  (Pet'r Reply at 5.)  Transfers between prisons units, however, are common problems among inmates who are trying to pursue postconviction habeas relief and do not justify equitable tolling.

5

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until November 20, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 30, 2006.


       /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

6